IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW KEONI MURPHY, #A0721922, | CIV. NO. 15-00022 LEK/RLP |
| Plaintiff, | TRANSFER ORDER |
| vs. | |
| SHERRI KIMOTO, JOHN IOANE, TODD THOMAS, SGT. HOLLEY, | |
| Defendants. | |

**TRANSFER ORDER**

Before the court is *pro se* Plaintiff Matthew Keoni Murphy's response to the January 29, 2015 Order to Show Cause. *See* Doc. Nos. 7 (Order), 10 (Mot. for Venue). Plaintiff also submitted an amended prisoner civil rights complaint and a Motion for Appointment of Counsel. *See* Doc. Nos. 8 (Am. Compl), 9 (Mot.). Plaintiff is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. He names SCC Warden Todd Thomas, SCC Disciplinary Hearing Officer ("DHO") Sgt. Holley, the Department of Public Safety ("DPS") Mainland & FDC Branch Administrator Shari Kimoto ("Kimoto"), and DPS Mainland & FDC Branch Contract Monitor John Ioane ("Ioane") as Defendants (collectively, "Defendants") in their individual capacities.

For the following reasons, this action is TRANSFERRED to the United States District Court for the District of Arizona, Phoenix Division.

## I. BACKGROUND

Plaintiff commenced this suit on January 20, 2015. Doc. No. 1. On January 29, 2015, the court dismissed his Complaint for failure to state a claim, with leave granted to amend. Doc. No. 7. The court also ordered Plaintiff to show cause why this action should not be transferred to the United States District Court for the District of Arizona. *Id.*

Plaintiff filed the Amended Complaint on March 2. 2015. *See* Am. Compl., Doc. No 8. He broadly claims that SCC DHO Holley violated his rights to due process during a disciplinary hearing held at SCC on or about December 12, 2012. *Id.*, PageID #40,47-50. Plaintiff fails to identify the liberty interest he had that entitled him to procedural due process during the disciplinary hearing, or explain what specific and required procedures DHO Holley violated. After the hearing, DHO Holley submitted Disciplinary Report #1179-12, which set forth his reasons for finding Plaintiff guilty. *Id.*, PageID #41. Plaintiff appealed DHO Holley's guilty finding to SCC Warden Thomas on December 22, 2014. *Id.*, PageID #51-55. Plaintiff states that he provided documentary evidence in his appeal clearly showing why DHO Holley's guilty finding should be overturned. *Id.*

Plaintiff claims that Thomas, Ioane and Kimoto negligently failed to expunge the "illegally obtained" Disciplinary Report #1179-12 when he appealed, or before his

2

scheduled parole hearing dates in January and March 2013. He alleges his appeal alerted Thomas to his claims, and that Kimoto and Ioane knew or should have known that SCC officials violated his right to due process. He alleges Thomas', Ioane's, and Kimoto's failure to expunge Disciplinary Report #1179-12 resulted in his being (1) denied a transfer back to Hawaii; (2) placed in SCC maximum security housing for one year; (3) denied parole; and (4) denied parole eligibility for two years. *Id.*, PageID #54-55

Plaintiff requests compensatory and punitive damages, unspecified declaratory relief, and costs. *Id.*, PageID #56.

## II. VENUE

When jurisdiction is not founded solely on diversity, such as civil rights actions brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

A substantial part of the events or omissions underlying Plaintiff's claims occurred in Arizona. The disciplinary hearing took place in Arizona. DHO Holley authored the allegedly false Disciplinary Report #1179-12 in Arizona after he presided over the disciplinary hearing. Warden Thomas, who apparently denied Plaintiff's appeal, did so in Arizona.

To the extent Plaintiff claims he was subjected to atypical and significant conditions of confinement after the disciplinary hearing, entitling him to procedural protections during the hearing, *see Sandin v. Conner*, 515 U.S. 472, 481-84 (1995), those conditions clearly occurred in Arizona because Plaintiff was housed in SCC during the hearing and remains there to date. That is, Plaintiff's transfer to SCC's Maximum Security unit for a year after the guilty finding, and any hardship he may have suffered if he was ever housed in SCC's disciplinary segregation unit (which Plaintiff does not allege), necessarily occurred in Arizona, where Plaintiff remains incarcerated. Finally, DHO Holley and Warden Thomas can both be located in Arizona, where Plaintiff remains incarcerated.

Plaintiff argues that venue is proper in Hawaii because he was convicted in the United States District Court for the District of Hawaii, then transferred to the custody of the Hawaii Department of Public Safety. *See* Doc. No. 10, PageID #64. First, the court has reviewed its records and is certain that

4

Plaintiff has never been a federal criminal defendant in the District of Hawaii.[1]  Second, where Plaintiff was convicted is immaterial to a determination of where venue lies for this civil rights action.  *See* 28 U.S.C. § 1391(b).

Plaintiff also claims that Ioane and Kimoto are DPS employees in Hawaii who are responsible for ensuring compliance with the State's contract between and the Corrections Corporation of America ("CCA") and its facilities, to house Hawaii inmates in Arizona.[2]  He alleges that Ioane's and Kimoto's supervisory positions in Hawaii, support his request that this court "oversee this matter in its entirety."  Mot., Doc. No. 10, PageID #65-66.  Any action or inaction by Ioane and Kimoto occurred *after* the main events Plaintiff challenges in the Amended Complaint, *i.e.*, that his due process rights were violated at SCC, resulting in a string of later alleged constitutional violations.  *See* 28 U.S.C. § 1391(b)(2).

---

[1] Courts may take judicial notice of facts whose "existence is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008); *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992) (holding courts may take judicial notice of their own records); *see also* Fed. R. Evid. 201.

[2] Although SCC is operated on contract between CCA and DPS, it is a private correctional facility owned and operated by CCA.  See https://www.cca.com/facilities/saguaro-correctional-center. (last visited March 17, 2015).

Plaintiff fails to show cause why venue for this action lies in Hawaii. Venue for Plaintiff's claims alleging SCC officials denied him due process during a disciplinary hearing held in Arizona on or about December 12, 2012, lies in the District Court for the District of Arizona, where the incidents complained of occurred and the defendants allegedly liable for the original violations may be located. See 28 U.S.C. § 1391(b).

### III. **TRANSFER TO ARIZONA**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A brief review of Plaintiff's Amended Complaint reveals that Plaintiff still fails to state a claim. Plaintiff has no federal or state-created liberty interest to parole or parole consideration. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Jago v. Van Curren*, 454 U.S. 14, 17–21 (1981) (holding there is no constitutionally protected interest in a parole date even after a parole date is set); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (finding no right to parole under Hawaii's statutes); *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (2000).

Plaintiff also has no right to transfer to Hawaii, or in avoiding "more adverse conditions of confinement," such as housing in SCC's Maximum Security unit. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) (holding there is no right to be confined in a particular State, prison, or section of the prison).

To the extent Plaintiff alleges he possessed a state-created liberty interest in "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," he omits any details from which a court can reasonably infer that his due process rights were violated by DHO Holley and Warden Thomas during and after the disciplinary hearing. Plaintiff therefore fails to state a claim for the deprivation of procedural due process. *Sandin*, 515 U.S. at 481–84; *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff may, however, be able to amend this allegation to sufficiently state a claim. This consideration is better left to the District of Arizona, however.

Because Plaintiff may be able to amend his due process claims, and in light of his pro se status, the interests of justice favor transferring this case to the district where the significant events or omissions material to Plaintiff's claims occurred, witnesses may be found, there is access to the

7

necessary evidence, and there is a local interest in resolving the matter.  *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

## IV. **CONCLUSION**

This action is TRANSFERRED to the United States District Court for the District of Arizona, Phoenix Division. The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff referring to this action to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Murphy v. Kimoto, et al.*, 1:15-cv-00022 LEK/RLP; venue 2015; J:\PSA Draft Ords\LEK\Murphy 15-22 LEK (trsf AZ).wpd